# Jones, Appellant, v. Continental Grocery Stores.

*Vendor—Vendee—Sales of stock—Agency—Failure to establish.*

In an action of assumpsit to recover money paid for alleged worthless stock sold under misrepresentations of the vendor, a judgment of nonsuit will be sustained, where the plaintiff has failed to establish that the persons who sold him the stock were the agents of the defendant company.

Argued April 25, 1924.   Appeal, No. 133, April T., 1924, by plaintiff, from Judgment of C. P. Allegheny Co., Oct. T., 1922, No. 1157, refusing to strike off judgment of nonsuit in the case of John D. Jones v. Continental Grocery Stores of Pennsylvania, Inc., in hands of Pennsylvania Trust Company, receiver.   Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover purchase price of stock.   Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment of compulsory nonsuit, which it subsequently refused to strike off.   Plaintiff appealed.

*Error assigned* was the decree of the court.

*William M. Hall,* and with him *Alexander H. Hunter,* for appellant.

*H. D. Montgomery,* and with him *Joseph H. Reich* and *Morris D. Canter,* for appellee.

OPINION BY LINN, J., July 2, 1924:

Plaintiff bought $1,900, par, of the capital stock of defendant corporation; rescinded the purchase, on the ground of false and fraudulent representations inducing it, and sued to get back his money. Though he testifies he was cheated, he was nonsuited for failure to prove that his vendor was defendant's agent. We have examined the evidence most carefully and are driven to the same conclusion.

He bought $500 par of Abelson May 22d, and $1,400 of Sander May 25th, these men gave him receipts for the purchase price on behalf of a vendor specified as the Continental Sales Company. On June 9th, by registered mail he returned the certificate for the $500 lot to the Continental Sales Company. He put in evidence an acknowledgment by that company, dated May 26th, of his subscription for the $1,400 lot, which stock, he testifies, he never received. He showed that defendant had sold $500,000 par of its common stock to Crager System Inc., to be delivered on demand, at prices fixed at the time of the original transaction, and that defendant understood Crager System Inc., would resell those shares to persons residing near defendant's stores. It appears that stock certificates on plaintiff's subscriptions were issued by defendant pursuant to demand by Crager System Inc. If, as he showed, there was a sale to Crager System Inc., that company and not defendant would be the vendor,—assuming for the present that the Continental Sales Company was shown to represent the Crager System Inc. The proof of agency failed. The transactions have a most suspicious appearance in the evidence, but essential links are missing. In view of our conclusion on that branch of the case, we do not discuss the nature of the fraudulent representation.

Judgment affirmed.